IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

FRANK GANGI, GLOBAL NAPS, INC. and
BABP VI, LLC,

                    Petitioners,

v.

UNITED STATES OF AMERICA,

                    Respondent.

Civil Case No. 10-1138-EFM-DWB

## PETITION TO QUASH IRS THIRD-PARTY SUMMONS

Petitioners Frank Gangi, GLOBAL NAPs, Inc. and BABP VI, LLC (collectively, "Petitioners,") by and through their attorneys, respectfully Petition this Court to quash the improper and invalid Administrative Summons issued by the Internal Revenue Service ("IRS") to Cessna Finance Corporation, and in support thereof aver as follows:

### JURISDICTION AND VENUE

1. On or about April 8, 2010, Internal Revenue Agent Jackie Moss ("Agent Moss") issued an Administrative Summons (the "Summons") directed to Cessna Finance Corporation for the production of documents under the purported authority of 26 U.S.C. § 7602(a). Cessna Finance Corporation's parent company Textron received said Summons on April 14, 2010. A true and correct copy of the Summons, as delivered to Textron is attached hereto as Exhibit A. A true and correct copy of the Summons, as delivered to counsel for the Petitioners is attached hereto as Exhibit B.

2. 26 U.S.C. § 7609(h) confers jurisdiction upon the District Court for the district in which the person to whom an administrative summons issued by the IRS is directed, resides, or is found to hear and determine any proceeding to quash the Summons.

3. Notwithstanding that the IRS sent its Summons to Cessna Finance Corporation at 40 Westminster Street, Providence, RI 02903, upon information and belief, Cessna Finance Corporation is located at 100 N. Broadway, Suite 600, Wichita, KS 67202-2206.

4. This Court also has jurisdiction under 28 U.S.C. § 1340 which confers upon this Court "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade."

## THE PARTIES

5. Petitioner Frank Gangi is a citizen of the United States whose address is 10 Merrymount Road, Quincy, MA 02169.

6. Petitioner Global NAPS, Inc. is a corporation formed in the State of Delaware, whose mailing address is 10 Merrymount Road, Quincy, MA 02169.

7. Petitioner BABP VI, LLC is a United States Virgin Islands limited liability company, whose mailing address is PO Box 8809, St. Thomas, VI 00801.

8. Respondent United States of America, Internal Revenue Service ("IRS") of the Department of the Treasury is a federal government entity with agencies and offices throughout the United States and is served through both the U.S. Attorney General (950 Penn. Ave., NW, Washington, DC 20530-0001) and the U.S. Attorney's Office (1200 Epic Center 301 N. Main St, Wichita, KS 67202).

9. IRS Revenue Agent Jackie Moss is an employee of the IRS with a mailing address of 8700 Tesoro Drive, Suite 201, MC 4309 SANC, San Antonio, TX 78217.

10. Upon information and belief Cessna Finance Corporation is a wholly owned subsidiary of Textron Corporation with a physical address of 100 N. Broadway, Suite 600, Wichita, KS 67202-2206.

## FACTUAL AND LEGAL BASIS FOR QUASHING THE SUMMONS

11. The Summons directed third-party Cessna Finance Corporation to produce all "DOCUMENTS" and records in Cessna Finance Corporation's possession or under its control (including accounts at Cessna Finance Corporation subsidiaries) relating to Petitioners' accounts for the period "from December 1, 1999 through January 31, 2005" including, but not limited to loan applications, signature cards, account statements, all debit and credit transactions, etc.

12. The IRS must at all times use the summons authority in good faith pursuit of a congressionally authorized purpose. The IRS has the burden of showing that its investigation is pursuant to a legitimate purpose and that the information sought is relevant and material to such legitimate purpose.

13. Upon information and belief, the IRS is using its summons powers in a manner inconsistent with good faith pursuit of a congressionally authorized purpose.

14. When enforcement of an IRS summons is challenged, the government must show (i) that the summons was issued for a proper purpose; (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in possession of the IRS; and, (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons. Powell v. United States, 379 U.S. 48, 57-58 (1964).

15. If the government satisfies its *prima facie* burden, the taxpayer retains the right to challenge the IRS' summons by disproving one or more of the Powell requirements or by demonstrating that enforcement of the summons will result in abuse of the Court's process. See United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990); see also Wheeler v. United States, 459 F.Supp.2d 399, 402 (W.D. Pa. 2006).

16. The Summons is invalid and should be quashed because it fails at least three of the four criteria under Powell v. United States, 379 U.S. 48 (1964), for enforcement of an administrative summons issued by the Internal Revenue Service.

17. First, the Summons should be quashed because it was issued for an invalid purpose. The IRS has audited Mr. Gangi for the tax years ending December 31, 2000; 2001; 2002; 2003; and, 2004. As *bona fide* residents of the U.S. Virgin Islands within the meaning of 26 U.S.C. § 932(c)(4) for the tax years covered by the time period of the Summons, Mr. Gangi filed his income tax returns with the United States Virgin Islands Bureau of Internal Revenue, reporting worldwide income and paying tax thereon under Title 26, as it applies in the U.S. Virgin Islands by operation of 48 U.S.C. § 1397. Pursuant to 26 U.S.C. § 6501, the applicable three-year statute of limitations has expired. Because the applicable statute of limitations has expired, the IRS can neither determine the tax liability of Mr. Gangi nor can the IRS collect on such as liability. Accordingly the IRS has no authority to issue the summons under 26 U.S.C. § 7602 because a valid purpose does not exist in the instant case.

18. From the face of the Summons, it appears the Summons was issued "in the matter of *United States Income Tax Liability of Frank Gangi*." The purpose for the testimony and documents sought in the Summons is not disclosed on the face of the Summons.

19. Second, the Summons should be quashed because the documents the IRS seeks from Cessna Finance Corporation are not relevant to determination of Mr. Gangi's residency or tax liability.

20. Upon information and belief, the IRS appears to be relying on a facts-and-circumstances test for residency as set forth in Sochurek v. Commissioner, 300 F.2d 34 (7th Cir. 1062) which examined 26 U.S.C. § 911, but did not examine the applicable law under 26 U.S.C. §§ 871, 932.

21. However, none of the information or documents that may be obtained from Cessna Finance Corporation has any bearing on any of the Sochurek factors, namely: (1) the intention of the taxpayer about residency; (2) establishment of a home temporarily in the foreign country for an indefinite period; (3) participation in the activities of his or her chosen community on social and cultural levels, identification with the daily lives of the people and, in general, assimilation into the foreign environment; (4) physical presence in the foreign country consistent with employment; (5) nature, extent and reasons for temporary absences from his or her temporary foreign home; (6) assumption of economic burdens and payment of taxes to the foreign country; (7) status of resident contrasted to that of transient or sojourner; (8) treatment accorded his or her income tax status by his or her employer; (9) marital status and residence of his or her family; (10) nature and duration of employment, whether his or her assignment abroad could be promptly accomplished within a definite or specified time; and (11) good faith in making his or her trip abroad and not for the purpose of tax evasion. Thus, the issuance of the Summons fails the second Powell test.

22. Further, even assuming *arguendo* that determining whether Mr. Gangi is a *bona fide* resident of the U.S. Virgin Islands within the meaning of 26 U.S.C. section 932(c)(4) is a

valid purpose under Powell, the information and documents sought from Cessna Finance Corporation have no relevance whatsoever to the determination of residency under 26 U.S.C. § 934. The term "bona fide resident" for the periods subject to the summons (2001-2004) was defined in 26 U.S.C. § 934 and the Treasury Regulations thereunder. Treasury Regulation § 1.934-1(c)(2) stated that "in determining whether a United States citizen is a bona fide resident of the Virgin Islands, the principles of sections 1.871-2, 1.871-3, 1.871-4, and 1.871-5, relating to the determination of residence and nonresidence in the United States, shall apply."

In defining residence, Treasury Regulation § 1.871-2(b) provides:

> An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by **his intentions** with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. . . . [I]f his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien make [sic] his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. [Emphasis added.]

The determination of USVI residency cannot be determined by the requested documents as they have no bearing of Mr. Gangi's subjective believe as to whether he was bona a fide USVI resident for the period in question.

23. Third, the IRS failed to comply with the administrative steps required by law with respect to the issuance and service of a summons. 26 U.S.C. § 7602(c)(1) states: "General Notice. An officer or employee of the Internal Revenue Service may **not** contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such tax payer **without providing reasonable notice in advance to the taxpayer** that contacts with persons other than the taxpayer may be made (emphasis added)." See also 26 C.F.R. § 301.7602-2(d). No notice was made in advance to the taxpayer that Cessna Finance Corporation

would be contacted. The only notice was a copy of the Summons delivered to the Petitioners (which was not the same Summons served on Cessna Finance Corporation); and in any event such notice was not reasonable. Such action cannot be viewed as anything other than failing to comply with the administrative procedures required under Title 26.

24. The IRS is also violating 26 U.S.C. § 7605(b) which prohibits "unnecessary examinations or investigations." On or about December 13, 2004, the Internal Revenue Service ("IRS") opened an audit on Mr. Gangi. A copy of the December 13th correspondence from the IRS to Mr. Gangi is attached as Exhibit C. On October 19, 2006, the IRS conducted an in-person interview (a *de facto* deposition) of Mr. Gangi regarding any income tax liability to the United States. On or about April 8, 2010, approximately six years[1] after the IRS audit was opened, Agent Moss issued the subject Summons. Accordingly the IRS has failed to comply with the administrative provisions of Title 26 and the Petition should be quashed.

25. The IRS is also violating 26 U.S.C. § 7609(a) which requires that "notice shall be accompanied by a copy of the summons which has been served...." As stated above, the summons served on Cessna Finance Corporation (Exhibit A) was not the same as the copy provided to Mr. Gangi or his attorneys (Exhibit B). Accordingly the IRS has failed to comply with the administrative provisions of Title 26 and the Petition should be quashed.

26. Moreover, the IRS's position that American citizens that resided in the United States Virgin Islands and filed a tax return with Virgin Islands pursuant to 26 U.S.C. § 932(c) are not subject to the statute of limitations provisions of 26 U.S.C. § 6501 (*See* Notice 2007-19 and Notice 2007-31) is untenable. In the instant case the IRS has opened audits of tax years that are almost ten (10) years old. The issuance of a summons to a third party in furtherance of these

---

[1] The average audit lasts approximately six months.

extremely belated audits is an abuse of this Court's process. Nina Olsen, the head of the IRS's Taxpayer Advocate Service discussed in the 2009 Annual Report to Congress (a true and correct copy of the relevant portion is attached hereto as Exhibit D) that "the IRS appears to be arbitrarily singling out a narrow class of taxpayers" (Exhibit D, page 7 of 9) and that "IRS audits of years ending before December 31, 2006, have gone on long enough" (Exhibit D, page 8 of 9). Accordingly, any enforcement of the third-party summons issued to Cessna Finance Corporation would be an abuse of this Court's process.

27.     Contemporaneously with or prior to the filing of this Petition, copies of this Petition were mailed by registered or certified mail to the person summoned and the IRS officers and offices indicated in the summons.

**WHEREFORE**, Petitioners, by and through their attorneys, pray that the Administrative Summons be quashed and for all other just and proper relief to which they are entitled.

Respectfully submitted,

/s/Brooks Kancel
Brooks Kancel, #22037
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
Fax: (316) 267-1754
Email: bkancel@fleeson.com
Attorneys for Petitioners

/s/Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III, Esq., CPA (JD0300)
Law Office of Marjorie Roberts, P.C.
1 Hibiscus Alley
St. Thomas, VI 00802
TEL: 340.776.7235
FAX: 340.776.7951
joe@marjorierobertspc.com

Date: May 4, 2010

## CERTIFICATE OF MAILING FOR I.R.C. §7609(b)(2)(B)

The undersigned hereby certifies that on May 4, 2010 a true and correct copy of the foregoing Petition To Quash IRS Third-Party Summons was deposited in the U.S. Mail, certified, return receipt requested, with postage prepaid, addressed to:

Cessna Finance Corporation
Attn: David Blakemore, Esq.
100 N. Broadway, Suite 600
Wichita, KS 67202-2206
Cert. Receipt No. 7003 1010 0002 0115 3543

Internal Revenue Service
Attn: Jackie Moss
8700 Tesoro Drive, Suite 201
MC 4309 SANC
San Antonio, TX 78217
Cert Receipt No. 7003 1010 0002 0115 3550

U.S. Attorney's Office
1200 Epic Center
301 N. Main
Wichita, KS 67202
Cert Receipt No. 7003 1010 0002 0115 3567

U.S. Attorney General
U.S. Dept. of Justice
950 Penn. Ave., NW
Washington, DC 20530-0001
Cert Receipt No. 7003 1010 0002 0115 3574

/s/Brooks Kancel
Brooks Kancel, #22037
Fleeson, Gooing, Coulson & Kitch, L.L.C.
1900 Epic Center, 301 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361
Fax: (316) 267-1754
Email: bkancel@fleeson.com
Attorneys for Petitioners