# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FRANK GANGI; GLOBAL NAPS, INC.;
and BABP VI, LLC,

          *Petitioners*,

vs.

UNITED STATES OF AMERICA,

          *Respondent.*

Case No. 10-1138-EFM

## MEMORANDUM AND ORDER

The Internal Revenue Service is conducting an examination of Frank Gangi, who may or may not have been a bona fide resident of the United States Virgin Islands. The IRS is seeking information about Gangi's federal tax liabilities for the years 2000 through 2004, and it issued an administrative summons to Cessna Finance Corporation to obtain information about Gangi.

Frank Gangi, Global Naps, Inc., and BABP VI, LLC petitioned this Court to Quash the IRS Third-Party Summons to Cessna Finance Corporation (Doc. 1). Respondent United States filed a Motion to Dismiss the Petition to Quash IRS Third-Party Summons, or in the alternative, for Summary Judgment (Doc. 7). For the following reasons, the Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 7) is granted, and the Petition to Quash (Doc. 1) is denied.

## I. Factual and Procedural Background

The government provided an affidavit from Jackie Moss, a duly commissioned IRS Revenue Agent. In this affidavit, she avers that the IRS is investigating the federal tax liabilities of Frank Gangi for the years 2000 through 2004. Gangi did not file a United States federal income tax return for those years, and she states that investigation is ongoing as to whether Gangi was a bona fide resident of the U.S. Virgin Islands during that timeframe. In addition, she avers that the IRS is investigating whether Gangi is obligated to report income for the years 2000 through 2004 on a U.S. tax return and the amount of that income, and whether Gangi reported the proper amounts of income earned and the source of such income during these tax years on tax returns filed with the Bureau of Internal Revenue for the U.S. Virgin Islands ("BIR").

Agent Moss states that, in furtherance of the investigation, she issued an administrative summons to Cessna directing it to produce books, records, papers and other data. She avers that it is necessary to obtain the materials sought and described in the summons to properly investigate Gangi's tax liabilities because it is relevant to shed light upon the liabilities and issues under investigation.

On or about April 8, 2010, the IRS issued an Administrative Summons (the "Summons") to Cessna Finance Corporation ("Cessna") for the production of documents pursuant to 26 U.S.C. § 7602.[1] Cessna was served on April 14, 2010.[2] The Summons directed Cessna to produce all "DOCUMENTS" in Cessna's possession, or under its control, relating to Frank Gangi, BABP VI, LLC, any other entity related to Gangi, or any controlled affiliates, from December 1, 1999 through

---

[1] Cessna had some sort of business relationship with Gangi or his affiliated entities.

[2] Apparently, Cessna's parent company, Textron received the summons.

January 31, 2005.

On May 4, 2010, Frank Gangi, Global Naps, Inc., and BABP VI, LLC (collectively "Petitioners") filed a Petition to Quash IRS Third-Party Summons (Doc. 1). They argue that the summons should be quashed because it does not meet the criteria of good faith and it would be an abuse of this Court's process to enforce the summons. On June 23, 2010, the government filed a Motion to Dismiss the Petition to Quash IRS Third-Party Summons or, in the alternative, to grant summary judgment in the United States' favor (Doc. 7). It contends that the summons meets all of the good faith requirements and that issuance of the summons will not be an abuse of the court's process.

## II. Legal Standard

Pursuant to Internal Revenue Code § 7602(a), the IRS is authorized to issue an administrative summons to determine "the liability of any person for any internal revenue tax." The standard for enforcement of an IRS summons is well established. The government must demonstrate that the IRS is proceeding in good faith by showing: (1) the investigation is for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the information sought is not already within the IRS' possession; and (4) the administrative steps required by the Internal Revenue Code have been followed.[3] This burden is a slight one, and "[t]he requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement."[4] If the government meets

---

[3] *United States v. Powell*, 379 U.S. 48, 57-58 (1964). In addition, the government must demonstrate that the case has not been referred to the Justice Department for criminal proceedings. *See Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987) (citing *United States v. LaSalle National Bank*, 437 U.S. 298 (1978)). Agent Moss avers in her affidavit that there is no justice department referral.

[4] *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (citation omitted).

its burden, the burden then shifts to the taxpayer to establish a defense.[5] This burden is a heavy one.[6] The taxpayer must demonstrate that the IRS is not acting in good faith by demonstrating that the four *Powell* elements are not met or that enforcement of the summons would constitute an abuse of the court's process.[7]

In this case, the government is not seeking to enforce the summons, but rather has moved to dismiss the petition to quash the IRS third-party summons.[8] Several courts have determined that this means the burden immediately shifts to the petitioner to establish a valid defense to the summons.[9] The pertinent inquiry, however, remains the same in that the Court must consider the four factors under *Powell* and whether the petitioner has established a valid defense to the summons.

### III. Analysis

Petitioners challenge three of the four *Powell* elements. The Court will address each element and whether Petitioners have met their burden in establishing a valid defense.

#### A. Legitimate Purpose

Petitioners contend that the IRS does not have a legitimate purpose because the three-year statute of limitations for assessments for the tax years 2000 through 2004 has expired. 26 U.S.C. § 6501 provides for a three-year statute of limitations for assessments after a tax return is filed,

---

[5] *Id*. at 1444.

[6] *Id.*

[7] *Anaya*, 815 F.2d at 1377; *see also La Mura v. United States*, 765 F.2d 974, 979-80 (11th Cir. 1985) (citing *Powell*, 379 U.S. at 58)).

[8] In the alternative, the government seeks summary judgment.

[9] *Twin Palms Resort, LLC v. United States*, 676 F. Supp. 2d 1350, 1353 (S.D. Fla. 2009) (citing *Knauss v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998)); *Hibben v. United States*, 2009 WL 3029672, at *2 (S.D. Ohio Sept. 16, 2009) (citations omitted).

subject to certain exceptions. Petitioners assert that Gangi, as a bona fide resident of the United States Virgin Islands ("USVI"), filed his tax returns for the tax years covered by the summons with the USVI Bureau of Internal Revenue ("BIR"). As such, they argue that the applicable three-year statute of limitations has expired and therefore the government has no legitimate purpose for its investigation.

Petitioner's argument is without merit. As several courts have noted, "[t]he three-year statute of limitations contained in 26 U.S.C. § 6501(a) plainly applies only to assessment, not to summons or any other investigatory procedure."[10] In a recent case in the United States District Court for the District of New Jersey involving the same petitioner, Frank Gangi, and an administrative summons issued to CitiBank and Sovereign Bank, Judge Garrett E. Brown, Jr. also rejected Petitioners' statute of limitations defense that the IRS lacked a legitimate investigatory purpose under *Powell*.[11] The court noted that the IRC statute of limitations does not apply to the IRS's investigative tools, like summons, and that the IRS was investigating whether Gangi was a bona fide resident of USVI.[12] As such, the court rejected Petitioners' statute of limitations argument.

Similarly, in this case, the government is investigating whether Gangi was a bona fide resident of the USVI for the tax years in question. If he was not a bona fide resident of USVI, he failed to file a return.[13] As such, there appears to be a legitimate purpose for the issuance of the

---

[10]*United States v. McHenry,* 552 F. Supp. 2d 571, 574 (E.D. Va. 2008); *see also Twin Palms*, 676 F. Supp. 2d at 1356 (*citing McHenry*, 552 F. Supp. 2d at 574).

[11]*See Gangi v. United States*, Civil Action No. 10-0024-GEB, 5-6 (D. N.J. Jan. 7, 2011).

[12]*Id.*

[13]*See* 26 U.S.C. § 932(a)(1)-(2) (requiring the filing of a tax return in the United States and USVI if the individual is considered a citizen of the United States) and 26 U.S.C. § 6501(c)(3) (setting forth "no return" as an exception to the requirement of assessing a tax within three years after the return was filed).

summons.

Furthermore, the government contends that several exceptions to the three year limitations period may apply in this case. The government asserts that the investigation may reveal that Gangi filed a fraudulent return or willfully attempted to defeat or evade tax. Therefore, one of these exceptions to the three-year limitation period may apply.[14]

Finally, as other courts have noted, "if following enforcement of the summons here the IRS attempts to assess taxes as to which the statute of limitations applies, [petitioner] will be free to assert the running of the statute as a defense to payment."[15] As such, the Court finds that Petitioners have simply not established a valid defense as to the first element.

**B. Relevance**

Petitioners contend that the government has not established the second element because the information sought is not relevant to determining Gangi's residency or to the "source-of-income" question. They argue that none of the information or documents that may be obtained from Cessna has any bearing on whether Gangi was a resident of USVI because that determination requires looking at Gangi's subjective intent. In addition, they assert that the IRS cannot make a determination whether Gangi's income was "USVI sourced" because there were no regulations addressing this issue during the time period in question.

Pursuant to 26 U.S.C. § 7602(a)(1), the IRS has the authority to summon and "examine any books, papers, records, or other data which may be relevant or material to such inquiry." The relevance standard is relatively light. "The language 'may be' [in § 7602(a)(1)] reflects Congress'

---

[14]*See* 26 U.S.C. § 6501(c)(1)-(2) (setting forth "false return" and "willful attempt to evade tax" as exceptions to the requirement of assessing a tax within three years after the return was filed).

[15]*McHenry,* 522 F. Supp. 2d. at 575.

express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility."[16]

Here, the Court finds that the information the IRS seeks is relevant to the investigation of whether Gangi was a bona fide resident of USVI and whether he was obligated to report income for those years on a U.S. tax return. The records sought from Cessna, including account statements, loan information, correspondence, address information, and details regarding dates and locations of meetings, may assist the IRS in determining Gangi's tax liabilities. As noted above, the standard for determining relevance is low, and the request appears to be more than "an idle hope that something may be discovered" and instead appears to be "an indication of a realistic expectation" that "might throw light upon the correctness of the return."[17] As such, Petitioners have not adequately defended the second element.

### C. Possession

There is no dispute that the IRS does not possess the documents sought by the summons.

### D. Administrative Procedures

Petitioners also contend that the IRS failed to comply with the administrative steps in issuing the summons. They first argue that the summons served on Cessna was not the same as the one served on Gangi. Pursuant to 26 U.S.C. § 7609, the IRS must notify the taxpayer being investigated of the issuance of any third-party summons so that the taxpayer may move to quash the summons. Section 7609(a) requires that notice be given and that the notice "shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under

---

[16] *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (emphasis in original).

[17] *Id.* at 813 n. 11 (citations omitted).

subsection (b)(2) to bring a proceeding to quash the summons."

The summons served on Cessna listed Cessna's address in Providence, Rhode Island and included an attestation. The copy served on Gangi listed Cessna's address in Wichita, Kansas, and there was no attestation.[18] Petitioners contend that administrative procedures were not followed because the summons provided to Gangi was not an exact replica of the summons served on Cessna.

In determining whether the failure to follow proper administrative procedures should warrant the quashing of the summons, courts generally look at the totality of the circumstances, "including the seriousness of the infringement, the harm or prejudice, if any, caused thereby, and the government's good faith."[19] "Courts have 'declined to elevate form over substance and have rejected the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons.'"[20] Generally, minor notice violations have been an insufficient basis to quash a summons.[21]

Petitioners argue that they have been prejudiced because they have had to spend time, effort, and energy in determining the discrepancy between the two addresses. Petitioners also argue that the prejudice manifested itself because they had to include this additional ground for the entry of a quashal order. The Court fails to see how this is prejudicial as the discrepancy in addresses allowed

---

[18]The Court notes that Petitioners do not appear to dispute that Cessna was served with the summons In Petitioners' Petition to Quash IRS Third-Party Summons, they assert that Cessna's parent company, Textron, received the summons on April 14, 2010. In addition, they contend that notwithstanding that the IRS sent the summons to 40 Westminster Street, Providence, Rhode Island, upon information and belief, Cessna is located at 100 N. Broadway, Suite 600, Wichita, Kansas.

[19]*Adamowicz v. United States*, 531 F.3d 151, 161 (2d Cir. 2008) (collecting circuit cases that have followed this approach including the 1st, 5th, 6th, and 8th circuits).

[20]*Id.* (citing *United States v. Bank of Moulton*, 614 F.2d 1063, 1066 (5th Cir. 1980)).

[21]*Id.* (citing *Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997) and *Sylvestre v. United States*, 978 F.2d 25, 28 (1st Cir. 1992)).

Petitioners to make an additional argument in support of quashing the summons. Although Petitioners may have had to expend additional time to include this argument for quashing the summons, the Court can discern no real prejudice in this case. Petitioners were provided with a copy of the summons that identified the summoned party, Cessna, and the information sought in the summons. Petitioners are aware of the location of Cessna and assert that Cessna's parent company, Textron, received the summons. In addition, Petitioners were notified in a timely manner so that they could challenge the summons. "If the notice provisions are intended to provide the summoned parties with ample time to protect their interests by initiating an action to quash the summonses, *see* IRC § 7609(a)(1), then surely that interest has not been impinged upon here."[22] As such, the Court finds that the slight difference in Cessna's listed address is not prejudicial to Petitioners.[23]

In addition, Petitioners assert that the IRS is violating 26 U.S.C. § 7605(b) because this section prohibits "unnecessary examinations or investigations." Petitioners' argument is based on their previous arguments. Because the Court has already found that Petitioners' previous arguments lack merit, this argument also fails. Accordingly, Petitioners have not established a valid defense to the fourth element under *Powell*.

### E. Abuse of the Court's Process

Finally, Petitioners assert that enforcement of the summons would be an abuse of process. Examples of an abuse of the court's process include when a summons is issued for an improper

---

[22]*Id.* at 162.

[23]Petitioners also argue that the government has not addressed the difference between the two documents and that absent excusable neglect, the Court should quash the summons. Petitioners have provided no authority to support an excusable neglect standard, and the Court declines to impose one on the facts of this case.

With respect to an attestation not being included with the copy of the summons given to Gangi, numerous courts, including the Tenth Circuit, have determined that the IRS does not need to provide an attested copy to the taxpayer. *Codner v. United States*, 17 F.3d 1331, 1333-34 (10th Cir. 1994); *see also Pflum v. United States*, 2000 WL 374650, at *3 (D. Kan. Mar. 27, 2000).

purpose, such as harassment, or for any other purpose not reflecting good faith. "The burden of showing an abuse of the court's process is on the taxpayer."[24]

Petitioners argue that protracted audits of U.S. citizens who were residents of the USVI constitutes an abuse of this Court's process and demonstrates institutional bad faith by the IRS as an institution. They contend that the IRS has taken the untenable position that the statute of limitations does not exist for USVI residents who filed with the USVI and who had more than $75,000 in gross income.[25] However, as noted in *Powell*, an abuse of the court's process "is not met by a mere showing . . . that the statute of limitations for ordinary deficiencies has run or that the records in question have already been once examined."[26]

Furthermore, the United States District Court for the District of New Jersey recently addressed this exact issue and with respect to this particular taxpayer.[27] The court was not convinced that the IRS acted in bad faith and found:

> Other than the length of the investigation (five years), Petitioners have presented no evidence that the IRS has conducted its investigation of Petitioners with an improper purpose, such as harassment. Instead, Petitioners arguments, if correct, would invalidate any IRS summons issued pursuant to these policies to investigate tax anomalies in the Virgin Islands. Such a position does not present a non-frivolous claim of abuse-of-process, but challenges the IRS' investigatory discretion. . . . The

---

[24]*Powell*, 379 U.S. at 58.

[25]Petitioners rely on an annual report from Nina Olsen, the IRS Taxpayer Advocate, in which she discusses the statute of limitations issue with respect to USVI taxpayers. In this report, she states that "the IRS has singled out a small group of USVI taxpayers for special treatment – the very types of high income taxpayers that federal tax incentives are seeking to attract to the USVI – by effectively eliminating the [statute of limitations] applicable to them but not the [statute of limitations] applicable to other similarly situated taxpayers." *See* Petition, Exb. D (Doc. 1-4), Taxpayer Advocate Service, 2009 Annual Report to Congress, Vol. I, Legislative Recommendation No. 10).

[26]*Powell*, 379 U.S. at 58.

[27]*Gangi*, No. 10-0024-GEB. It appears that Gangi advanced the same argument, and relied on the same Taxpayer Advocate Report, to the District Court for the District of New Jersey as he did with this Court.

Court finds that Petitioners' "institutional bad faith" arguments are premature."[28]

This Court finds this reasoning persuasive and also cannot conclude that Petitioners have met their heavy burden in demonstrating institutional bad faith and an abuse of the court's process. As such, Petitioners have not established a valid defense to the administrative summons.

**IT IS ACCORDINGLY ORDERED** that Respondent United States' Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition to Quash (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] *Id.* at pp. 9-10.